UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BILLY RAY BARTLETT,<br><br>        Plaintiff,<br><br>    v.<br><br>TIM WENGLER, TOM KESSLER, COSMO ZIMIK, GRADY ZICKEFOOSE, M. VALLARD, and KEITH THOMAS,<br><br>        Defendants. | Case No. 1:12-cv-00312-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

      Currently pending before the Court is Defendants Matt Vallard's and Keith Thomas' Motion for Summary Judgment. Plaintiff Billy Ray Bartlett, a prisoner in the custody of the Idaho Department of Correction (IDOC), is proceeding pro se in this civil rights action. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that the decisional process would not be significantly aided by oral argument. D. Idaho L. R. 7.1. Accordingly, the Court enters the following order granting Defendants Vallard's and Thomas's Motion for Summary Judgment.

## INTRODUCTION

At the time of the events giving rise to Plaintiff's claims, Plaintiff was incarcerated at the Idaho Correctional Center (ICC). ICC was at that time operated by Corrections Corporation of America (CCA), a private company that managed the prison under contract with the IDOC.

Plaintiff, who is Jewish, alleges that ICC prison officials denied him a kosher diet in violation of (1) the First Amendment of the United States Constitution and (2) the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, *et seq*.

## FACTUAL BACKGROUND

This section includes facts that are undisputed and material to the resolution of the issues in this case. Where material facts are in dispute, the Court has included Plaintiff's version of facts, insofar as that version is not contradicted by clear documentary evidence in the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.")

In August 2011, Plaintiff filed a grievance complaining of IDOC's and ICC's failure to provide a kosher diet. (Dkt. 32 at 3.) Defendant Thomas, the grievance coordinator, routed the grievance to Cosmo Zimik (a former Defendant in this case), who responded that he did not believe kosher diets were available. (Affidavit of Keith

**MEMORANDUM DECISION AND ORDER - 2**

Thomas, Dkt. 23-3, ¶ 3; Dkt. 32 at 3.) Defendant Tom Kessler agreed and denied Plaintiff's grievance, stating that kosher meals were "not an IDOC approved religious diet." (*Id*. at 4.) Plaintiff appealed the denial of his grievance, and Defendant Warden Tim Wengler denied the appeal, informing Plaintiff, "At this time we have not received IDOC authorization to change the contract approved menu." (*Id*.)

Shortly after Plaintiff's initial grievance was denied, he filed another. This second grievance again complained of the lack of a kosher diet at ICC. Defendant Thomas routed this second grievance to Defendant Vallard, the person who monitored the contract between CCA and the IDOC to ensure compliance with IDOC policy. (Thomas Aff. ¶ 3; Affidavit of Matt Vallard, Dkt. 23-4, ¶ 2.) Defendant Vallard determined that the issue had already been grieved and instructed Defendant Thomas to return the grievance to Plaintiff without action. (Thomas Aff. ¶ 3; Vallard Aff. ¶¶ 4-5; Dkt. 32; Dkt. 33.) Vallard did not process this second grievance because the grievance policy did not allow an inmate "to grieve an issue that they had already complained about and that had been fully addressed and exhausted." (Vallard Aff. ¶ 5.)

Plaintiff filed a third grievance about a week after he filed the second grievance. (Dkt. 33 at 3.) Defendant Vallard again instructed Thomas to return this third grievance to Plaintiff without action because the issue had already been addressed in the two previous grievances. (*Id*.)

Other than handling these grievances, Defendants Vallard and Thomas were not involved in denying Plaintiff's request for a kosher diet. Defendants Vallard and Thomas

**MEMORANDUM DECISION AND ORDER - 3**

did not participate or have any authority in developing or changing the contract between CCA and the IDOC or any IDOC policy, such as which types of meals are provided to prisoners. (Thomas Aff., ¶¶ 2, 4; Vallard Aff., ¶¶ 2, 7.)

**DEFENDANTS VALLARD'S AND THOMAS'S
MOTION FOR SUMMARY JUDGMENT**

**1.     Summary Judgment Standard of Law**

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment rule "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is not "a disfavored procedural shortcut," but is instead the "principal tool[] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, there must be no *genuine* dispute as to any *material* fact for a case to survive summary judgment. Material facts are those "that might affect the outcome of the suit." *Id.* at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**MEMORANDUM DECISION AND ORDER - 4**

The moving party is entitled to summary judgment if that party shows that each material fact cannot be disputed. To show that the material facts are not in dispute, a party may cite to particular parts of materials in the record, or show that the adverse party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). The Court must consider "the cited materials," but it may also consider "other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (internal quotation marks omitted). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *So. Ca. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

If the moving party meets its initial responsibility, then the burden shifts to the opposing party to establish that a genuine dispute as to a material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

Material used to support or dispute a fact must be capable of being "presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Affidavits or declarations submitted in support of or in opposition to a motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the

**MEMORANDUM DECISION AND ORDER - 5**

affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

If a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may consider that fact to be undisputed. Fed. R. Civ. P. 56(e)(2). The Court may grant summary judgment for the moving party "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). The Court may also grant summary judgment to a non-moving party, on a ground not raised by either party, or on its own motion provided that the parties are given notice and a reasonable opportunity to respond. Fed. R. Civ. P. 56(f).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. Although all reasonable inferences which can be drawn from the evidence must be drawn in a light most favorable to the non-moving party, *T.W. Elec. Serv., Inc.*, 809 F.2d at 630-31, the Court is not required to adopt unreasonable inferences from circumstantial evidence, *McLaughlin v. Liu*, 849 F.2d 1205, 1207-08 (9th Cir. 1988).

## 2. Discussion

### A. First Amendment Claims

Plaintiff brings his First Amendment claims under 42 U.S.C. § 1983, the civil rights statute. To succeed on a claim under § 1983, a plaintiff must establish a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418,

**MEMORANDUM DECISION AND ORDER - 6**

1420 (9th Cir. 1991). Prison officials are generally not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). This causal connection "can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207-08 (internal quotation marks, citation, and alterations omitted).

The Free Exercise Clause of the First Amendment absolutely protects the right to believe in a religion; it does not absolutely protect all conduct associated with a religion. *Cantwell v. Connecticut*, 310 U.S. 296, 303-04 (1940). Inmates retain their free exercise rights in prison. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). However, challenges to prison restrictions that are alleged "to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due

**MEMORANDUM DECISION AND ORDER - 7**

process of law." *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125 (1977) (internal quotation marks omitted).

Here, as to Defendants Thomas and Vallard, Plaintiff alleges his rights were violated when they denied his requests for a kosher diet and failed to intervene and/or direct his request to proper IDOC staff. (Compl., Dkt. 3, at 6-7.) However, Plaintiff has failed to rebut the evidence presented by Defendants Vallard and Thomas that their actions did not proximately cause any violation of Plaintiff's First Amendment rights. *See Taylor*, 880 F.2d at 1045.

Neither Thomas nor Vallard actually denied Plaintiff's request for a kosher diet. Defendant Thomas simply sent the grievances on to other prison officials for response, and Defendant Vallard instructed Thomas to return the second and third grievances without action because they were filed in contravention of the grievance policy—not because these two grievances were denied on the merits. These actions do not constitute personal participation in the alleged constitutional violations. Indeed, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Where defendants' "only roles in [a civil rights] action involve the denial of administrative grievances . . . they cannot be liable under § 1983." *Id.*

Plaintiff has not provided any allegations, let alone any evidence, that Defendants Thomas and Vallard were personally involved in the alleged constitutional violations.[1]

---

[1] Neither has Plaintiff shown that an independent cause of action lies for Thomas's and Vallard's actions in the fall of 2011. The law is clear that "[t]here is no legitimate claim of

**MEMORANDUM DECISION AND ORDER - 8**

Therefore, Plaintiff's First Amendment claims against Defendants Thomas and Vallard will be dismissed.

### B. RLUIPA Claims

RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person . . . is in furtherance of a compelling governmental interest and . . . is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). Under RLUIPA, the inmate bears the initial burden of showing that the prison's policy constitutes a substantial burden on the exercise of the inmate's religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005).

The Ninth Circuit recently held that RLUIPA does not allow for monetary damages against individual defendants. *Wood v. Yordy*, 753 F.3d 899, 902-04 (9th Cir. 2014). Therefore, Plaintiff's claims for damages against Defendants Vallard and Thomas must be dismissed.

With respect to the claim for injunctive relief under RLUIPA, a plaintiff may seek injunctive relief from officials who have direct responsibility in the area in which the

---

entitlement to a [prison] grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see Sandin v. Connor*, 515 U.S. 472 (1995) (noting that liberty interests are generally limited to freedom from restraint).

plaintiff seeks relief. *See Rounds v. Oregon State Bd. of Higher Education*, 166 F.3d 1032, 1036 (9th Cir. 1999); *Ex parte Young*, 209 U.S. 123, 157-58 (1908). Defendants Thomas and Vallard do not have any authority to decide which types of meals are provided to inmates at ICC in general or to Plaintiff in particular. Simply put, these Defendants are not the proper defendants for Plaintiff's RLUIPA claims for injunctive relief.

## REMAINING DEFENDANTS

As a result of the Court's grant of Defendants Vallard's and Thomas's Motion for Summary Judgment and the Court's previous dismissal of all claims against Defendants Cosmo Zimik and Grady Zickefoose (Dkt. 21), the only Defendants remaining in this action are Tim Wengler and Tom Kessler. The Ninth Circuit's decision in *Wood* that monetary damages are not available under RLUIPA, *see* 753 F.3d at 902-04, applies equally to these Defendants. Further, it appears that Plaintiff is no longer incarcerated at ICC (Dkt. 42) and that Defendants Wengler and Kessler may no longer work at the prison in which Plaintiff is confined, either of which would render Plaintiff's injunctive relief claims moot.[2] *See, e.g., Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).

Accordingly, the Court gives the parties notice that it intends to grant summary

---

[2] The State of Idaho recently took over operation of ICC from CCA. Thus, it is unclear whether CCA employees who worked at ICC prior to the change in management remain employed at ICC.

**MEMORANDUM DECISION AND ORDER - 10**

judgment to Defendants Wengler and Kessler on Plaintiff's claims for injunctive relief, as well as on Plaintiff's claims for monetary damages under RLUIPA. *See* Fed. R. Civ. P. 56(f). If summary judgment as to these claims is granted, the only claims remaining in this action will be Plaintiff's claims for monetary damages under the First Amendment against Defendants Wengler and Kessler.

Plaintiff shall file a response to this Order within 21 days, setting forth any reasons why the Court should not grant summary judgment to Defendants Wengler and Kessler with respect to Plaintiff's injunctive relief claims and his RLUIPA claims for monetary damages.

Defendants Wengler and Kessler shall file a reply brief no later than 14 days after service of Plaintiff's response brief. Defendants' reply shall be accompanied by affidavits regarding the current employment status of Defendants Wengler and Kessler and whether they work at the prison in which Plaintiff is currently confined.

## ORDER

**IT IS ORDERED:**

1. Defendants Vallard's and Thomas's Motion for Summary Judgment (Dkt. 23) is GRANTED. All claims against Defendants Thomas and Vallard are DISMISSED with prejudice.

2. No later than **21 days** after entry of this Order, Plaintiff shall file a brief regarding whether the Court should grant summary judgment to Defendants Wengler and Kessler on Plaintiff's injunctive relief claims, as well as his

RLUIPA claims for damages. No later than **14 days** after service of Plaintiff's brief, Defendants Wengler and Kessler shall file a reply brief with accompanying affidavits as set forth above.

DATED: **September 24, 2014**

Honorable Edward J. Lodge
U. S. District Judge